UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAVEL LIFCHITS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 18-12637-ADB |
| | * | |
| INTEGON NATIONAL INSURANCE CO., et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

BURROUGHS, D.J.

On December 26, 2018, *pro se* plaintiff Pavel Lifchits filed a diversity action for damages arising out of a car accident in New York. *See* Dkt. No. 1. Lifchits initially sought compensation for property damage in the amount of $4,500 and litigation expenses in the amount of $78,000. *Id.* By Memorandum and Order dated February 5, 2019, Lifchits was advised that his complaint is subject to dismissal for insufficiency of the amount in controversy for diversity jurisdiction. *See* Dkt. No. 6. The Order explained that the Court must be provided with all necessary facts to support a finding that the matter in controversy exceeds $75,000. *Id.* In response, Lifchits filed a document stating that he developed a stomach ulcer due to severe stress from the car accident. *See* Dkt. No. 7. Because the medical documents attached to his response failed to support medical expenses in excess of $75,000, the action was dismissed without prejudice for lack of subject matter jurisdiction. *See* Dkt. No. 9.

Now before the Court is Lifchits' Motion for Reconsideration. *See* Dkt. No. 11. "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly" and only where "newly discovered evidence (not previously available) has come to

light or [where] the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citation omitted).

Here, Lifchits' argument for reconsideration is that he seeks monetary compensation for the loss of his "'whole stomach' as the result of the accident." *Id.* Lifchits explains that he is not seeking compensation for medical expenses but for the loss of enjoyment in the quality of life. Even with this clarification, Lifchits fails to specifically identify the amount in controversy.

Accordingly, the motion for reconsideration is <u>DENIED</u>.

**SO ORDERED.**

April 24, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE