UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAVEL LIFCHITS, | * |
| Plaintiff, | * |
| v. | * C.A. No. 18-12637-ADB |
| INTEGON NATIONAL INSURANCE CO., et al., | * |
| Defendants. | * |

ORDER

BURROUGHS, D.J.

On January 9, 2020, *pro se* plaintiff Pavel Lifchits appealed this Court's Order denying his motion for default judgment. *See* Dkt No. 37. With the appeal, plaintiff filed a motion for leave to appeal *in forma pauperis*. *See* Dkt No. 39.

Generally, only final decisions of a district court can be appealed. *See* 28 U.S.C. § 1291. The denial of a motion for a default judgment is not immediately appealable. *See Kelley v. Duboise*, No 94-1809, 1995 WL 357895, at *1 (1st Cir. 1995) (citing *Bird v. Reese*, 875 F.2d 256, 256 (9th Cir. 1989). Here, Plaintiff filed a notice of appeal without seeking leave to file an interlocutory appeal with the court of appeals. As a result, the appeal is improperly before the First Circuit. While a district court may certify an immediate appeal of an interlocutory order if the court finds that (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b), that is not the case here. Plaintiff did not request certification. Nor does this case fall within the narrow

collateral order doctrine.  *See Behrens v. Pelletier*, 516 U.S. 299, 305 (1996).  There is thus no need to proceed *in forma pauperis* for an appeal the First Circuit lacks jurisdiction to consider.

Under the federal *in forma pauperis* statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   An appeal is frivolous "where it lacks an arguable basis either in law' or in fact." *Neilzke v. Williams*, 490 U.S. 319, 325 (1989).  Because plaintiff has appealed a non-final order, the appeal is frivolous.

Accordingly, plaintiff's motion for leave to appeal *in forma pauperis* is <u>DENIED</u>.  The Court certifies that the appeal is not taken in good faith.  The Clerk shall transmit a copy of this Order to the United States Court of Appeals for the First Circuit.

**SO ORDERED.**

January 22, 2020 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE